IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

Clark Truly,
                    Plaintiff                    )
                                                 )
                                                 )
                                                 )        Case No. 16-783- NJR
v.                                               )
                                                 )
                                                 )
                                                 )
Assistant Warden Moore,                          )
Stephen Duncan, Joseph Yurkovich,                )
Donald Stolworthy, Brian Piper,                  )
Brenden Ankrom, Justin Hammers,                  )
Brad Johnson, Fred Williams, Jenal
Thompson, Derek Smith, Steve Albrecht,
Robert Adams, Sarah Aerett, Bryan Bailey,
Shawn Bailliez, Andrew Bottrell, Larry Boyd,
Douglas Brown, Dennis Bucco, Vincent Caschill,
Nick Conklin, Jason Darms, Robert Dorethy,
Olin Eldridge, Lisa Ellinger, Curtis Jenkins,
Scott Lamb, Chris Luter, Candice Moerill,
Andrew Moser, William Myers, Lee Parker,
Chad Sappington, Ron Shoultz, Jamie Skaggs,
Cally Stein, Mike Shuttlebeam, Ashley Thompson,
Steve Wilcoxen, Drew Derenzy, Justin Dircks,
David English, M. Hydee, Joseph Frame,
Tason Jester, Loretta Teachim, Nick Phelps,
Sam Taylor, Tammy Thousands, Caul Williespee,
Chris White, Kenneth Finney, David Heemetz,
Robert Welsh, Ryan Davis, James Bruce, Matt Dees,
Donald Pulliam, Jeremy McBride, Nick Halley,
Ayla Heinzmann, Kenny Brown, Randy Smith,
Robert Rivett, Lacey Provence, Kyle Massey,
Dawayne Cotton, Brendley Herzog, Dale Martin,
Pat Anderson, Dwight Diler, Rene Legrecot,
Angela Craddock, Sierra Tate, John Mohr,
John Jones, Doug Mason, Justin Johnson,
Khorey Anderton, Matt Cannon, James Johnson
John Mangani, Mike Bowers, Blake Elliot,
Ray McCann, Brite Wilson, Josh Currey, Kendall
Morris, Eric Shelton, Rene Waters, Stephanie
Beasley, Micheal Gilreath, Jason Zollars,
Jerry Tanner, Andy Stout, Dale Monical,
Ben Lewis, Brad Vonska, Kevin W. Johnson,

FILED

JUL 13 2016

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

Marcus Jenkins, Janet Carle, Bud Brown,                    )
Stephen Sawyer, Walter McCormick, Jerry                    )
Harper, Jason Ginder, Jeremiah Patterson,                  )
James Gerry, Randy Batylor, Bill Carroll,                  )
Brad Stuck, Eric Weber, Lane Wise, Daniel                  )
Dust, Stephen Conrad, Jarrod Carter,                       )
Timothy McCallister, Noble Harrington,                     )
Samuel Shehorn, Jeffery Kidd, Ben Vaughn,                  )
Travis Ochs, Brian Livingston, Robert Kamp,                )
Anthony Senn, Trent Ralston, Maury Goble,                  )
Bradley Ausbrook, Seth Hough, Christopher                  )
Brant, Ethan Clacy, Matthew Winka, Michael                 )
Dean, Nicholas Lampley, Dallas Willis,                     )
Timothy Conrad, Christopher Cales, James                   )
Goswell, Alexander Lockhart, Matthew Tribble,              )
Andrew Gangloff, Maryellen Thomason,                       )
Justin Eckelberry, Doug Line, Jacob Milam,                 )
Zachariah Buchanan, Aleem Hamilton, Andrew                 )
Volk, Gary Perkins, Kyle Breeds, John Chenault,            )
Dan Bullin, Andrew Mays, Brandon Richey, Jerry             )
Witthoft, Frank Eoveldi, Mark Bower, Frederick             )
Carter, Kevin Cartwright, Nathan Berry, Chase              )
Carson, Kyle Dougan, Justin Eversage, Wesley               )
Engelyke, Charles Fricke, Jason Furlow,                    )
Brian Gueterson, Shane Greeson, Mark Hanks,                )
Joel Hepp, Kevin Illich, Anthony Jones,                    )
Tyler Jones, Brian Kulich, Jason Lane,                     )
Jay McMillian, Alex Moll, Wesley Monroe,                   )
Jared Phillips, Kenny Porter, Koey Renk,                   )
Minh Scott, James Watkins, Len Wenzel,                     )
Aaron Westerman, Carson Winter, Caleb Zang,                )
Gene Bailey, Derek Baylor, David Brock, Benny              )
Davis, Bryan Easton, Richard Harris, Shayne Howell,        )
Brandon Hunter, Michael Lammack, James Lloyd,              )
Lucas Mennerich, Jason Mennerich, Jason Morris,            )
John Restoff, Steven Richard, Tyson Shuertz,               )
Ryan Ziegler, Trever Rowland, David Holder,                )
Scott Ebers, Mike Baughman, Hubert Bruce,                  )
James Cissell, Bradley Clark, Charles Compton,             )
Dustin Harmon, John Koch, Brandon Lloyd,                   )
Kenneth Smith, Nathan Ward, Mitch Simmons,                 )
Micheal Jones, Tracy Heiman, Aaron Campbell,               )
John Coe # 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18,
19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35,
36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, James Doe.

Edwin Gladney, Kyle Hughrey, Erik Krammer )
Wendy Pucks, James Rigtoni, Defendant )
Orange Crush Officers, and Unknown Members )
of Tactical Team AKA " Orange Crush, )
Counselor Swoon. Defendants ) JURY DEMAND

## COMPLAINT

Plaintiff Clark Truly, pro se complains of each listed defendant in
the caption in their individual capacity and state as follows:

### Introduction

1. During the months of April 2014 through September 2014 Assistant Warden Moore directed his subordinate correctional staff to 'confront' the inmate population with harassment, as a result multiple inmate and staff assaults occurred due to said policy that has subsided since his removal from Lawrence Correctional Center.

2. On July 9, 2014, the Orange Crush conducted a shakedown of plaintiff cell at Lawrence Correctional Center (Lawrence). Rather than pursue this shakedown as a legitimate security procedure, the Defendants committed Overt acts and beat, sexually humiliated, and otherwise abused Mr. Truly, destroyed his property although the plaintiff had committed no interaction. The defendants gratuitously inflicted punishment for the sole purpose of causing humiliation, retaliation, and needless pain. When plaintiff sought redress via the inmate grievance procedure defendant Swoon refused to answer Truly's grievance in furtherance and in fidelity to the other named defendants. Plaintiff seek in excess of one million dollars for injuries and abuses inflicted during search.

3. Plaintiff attached a copy of his Lawrence Correctional Center Shakedown slip as exhibit A, and as such is made apart of this complaint.

4. Truly attaches a copy of letter sent to the U.S. Justice Department PREA office as exhibit B, and is such is made apart of this complaint.

5. Mr. Truly and other prisoners at Lawrence were subjected to: a humiliating strip search in front of female officers, and orders Truly to touch his genitals then use the same hand to open his mouth. Truly was then painfully tight handcuffed with his palms outward, ordered plaintiff to march from his housing unit for several hundred feet to the institutional dietary with his head on the back of the person ahead of him in line, so his penis was directly in contact with the man in front of him's rectum. As well Truly was forced by Orange Crush to allow another prisoner in back of him to place his head on the back of plaintiff with his penis in direct contact with the plaintiff's rectum. This formation was referred to by Orange Crush team as "Nuts to Butts." Truly was violently attacked by Defendant Orange Crush others when he broke that formation, and ordered to sit in a stress position for several hours. see exhibit B

6. Defendants conduct at Lawrence was not an uberration but conducted through Deliberate Indifference and a depraved mental state of Lawrence Correctional staff. After Orange Crush finished it's Nutts to Butts humiliation of the inmates including plaintiff in it's care, custody, and control approximately 50 civil staff members here at Lawrence led by Defendant Moore clapped, cheered, and horrayed Orange Crush members on the institutional lawn. This shakedown was the direct result of unconstitutional policies and practices Moore put in place here at Lawrence to use shakedowns and strip searches to inflict pain and humiliation on prisoners entrusted to his care.

7. The painful and humiliating shakedown inflicted, as intended, physical and emotional injuries including headaches, dizziness, wrist pain, lower back and shoulder pain, unwanted touching of the penial area by other prisoners, unwanted touching of the rectal area by other prisoners, that was forced by staff, embarrassment, fear, stress, trauma, nightmares, and humiliation, was also inflicted.

Jurisdiction and Venue

8. This Court has jurisdiction pursuant to 42 USC 1983 and 1985, 28 USC 1331 and 1367.

9. Venue is proper under 28 USC 1391(b). On information and belief one or more Defendants reside in judicial districts and a substantial portion of the events in this claim occurred in Lawrence within this district.

Parties

10. Plaintiff Clark Truly is located at Lawrence Correctional Center at 10930 Lawrence Rd Sumner, IL, 62466. At all relevant times Mr. Truly was housed at Lawrence CC.

11. Defendants Brian Piper, Brendan Antrom, Justine Hammers, Brad Johnson, Fred Williams, Frank Thompson, Derek Smith, Steve Albrecht, Robert Adams, Sarah Arnett, Bryan Bailey, Shawn Bailliez, Andrew Bottrell, Larry Boyd, Douglas Brown, Dennis Bucco, Vincent Coadal, Nick Conklin, Jason Danms, Robert Dorothy, Olin Eldridge, Lisa Ellinger, Curtis Jenkins, Scott Lamb, Chris Luker, Candice Morrill, Andrew Moser, William Myers, Lee Parker, Chad Sappington, Ron Shoultz, Jamie Skaggs, Cally Stein, Mike Stufflebeam, Ashley Thompson, Steve Wilcoxen, Drew Derenzy, Justin Dircks, David English, M. Fluder, Joseph France, Jason Jester, Loretta Joachim, Vic Lohnes, Robert Passmore, Andy Phelps, Sam Taylor, Tammy Thousends, and Chad Wallasper, are all employees of TDOC, and all members of IDOC Special Operations Response Team (SORT) (commonly referred to as Orange Crush) assigned to the Illinois River Correctional Center located at _____

At all relevant times, these Defendants were acting under color of law and within the scope of their employment with IDOC.

12. Defendants Chris White, Keneth Finney, David Hermetz, Robert Walsh, Ryan Davis, James Bruce, Matt Dees, Donald Pulliam, Jeremy McBride, Nick Nally, Cory Slack, William Hughley, Aula Heinzmann, Kenny Brown, Randy Smith, Shane Smith, Robert Pierit, Lorey Provence, Kyle Massey, DaWayne Colton, Bradley Herzog, Dale Martin, Pat Anderson, Dwight Ditg,

Rene DeGroot, Angela Craddock, Sierra Tate, John Mohr, John Jones, Doug Nixon, Justin Johnson, Khirry Anderton, Matt Cannon, Tammis Johnson, John Macagni, Mike Bowers, Blake Elliot, Ray McCann, Beau Wilson, Josh Curry, Kendall Harris, Eric Shelton, Rene Waters, and Stephanie Beasley are all employees at the IDOC, and all are members of the Orange Crush team assigned to Big Muddy River Correctional Center located at _____.

At all relevant times these defendants were acting under color of law and within the scope of their employment with IDOC.

13. Defendant Michael Gilreath, Jason Zollars, Jerry Tanner, Andy Stout, Dale Monical, Ben Lewis, Brad Yonaka, Kevin W. Johnson, Marcus Jenkins, Janet Caele, Bud Brown, Stephen Sawyer, Walter McCormick, Jerry Harper, Jason Ginder, Jeremiah Patterson, James Berry, Randy Baylor, Bill Carroll, Brad Stuck, Eric Weber, Lance Wise, Daniel Dust, Steven Conrad, Jarrod Carter, Timothy McAllister, Noble Harrington, Samuel Shehorn, Jeffery Kidd, Ben Vaughn, Travis Ochs, Brian Livingston, Robert Kamp, Anthony Senn, Trent Ralston, Maury Coble, Bradley Ausbrook, Seth Hough, Christopher Brunt, Ethan Clary, Matthew Winka, Micheal Dean, Nicholas Lampley, Dallas Willis, Timothy Conrad, Christopher Cates, James Casnell, Alexander Lockhart, Matthew Tribble, Andrew Cungloff, Mary Ellen Thomason, Justin Eckelberry, Doug Line, Jacob Milam, Zachariah Buchanan, Akeem Hamilton, Andrew Volk, Corey Perkins, Kyle Brooks, John Chenault, Jr., Dan Mullin, Andrew Mays, and Brandon Richey are all employees of the IDOC, and all members of the Orange Crush team assigned to Lawrence located at 10930 Lawrence Rd. Sumner, IL. 62466 . At all relevant times, these Defendants were acting under color of law and within the scope of their employment with the IDOC.

14. Defendants Jeremy Whitthoft, Frank Eovaldi, Mark Bower, Frederick Carter, Kevin Cartwright, Nathan Berry, Chase Caron, Kyle Vonion, Justin Engelage, Wesley Engelage, Charles Fricke

Jason Furlow, Brian Guekersloh, Shane Greeson, Mark Hanks, Joel Hepp, Kevin Hirch, Anthony Jones, Tyler Jones, Brian Kulichi, Jason Lane, Jay McMillian, Alex Moll, Wesley Monroe, Jared Phillips, Kenny Porter, Corey Renk, Minh Scott, James Watkins, Eric Wenzel, Aaron Westermann, Carson Winter, Caleb Zang, Gene Bailey, Derek Boylon, David Brock, Benny Davis, Bryan Easton, Richard Harris, Shayne Howell, Brandon Hunter, Micheal Lammrick, James Lloyd, Lucas Menwerchi, Jason Mianeron, Jason Morris, John Restoff, Steven Richard, Tyson Shurtz, Ryan Ziegler, Trevor Rowland, David Holder, Scott Ebers, Mike Baughman, Hubert Brace, James Cissell, Bradley Clark, Charles Compton, Dustin Harmon, John Koch, Brandon Lloyd, Kenneth Smith, Nathan Ward, Mitch Summers, Micheal Jones, Tracy Herman, Aaron Campbell, Edwin Gladney, Kyle Hurbirey, Erik Krammner, Wendy Parks, and James Rigdon are all employees of IDOC, and all members of the Orange Crush team assigned to Menard correctional Center located at _____

At all relevant times, these Defendants were acting under color of law and within the scope of their employment with IDOC.

15. Defendant John Doe, James Doe, and John Doe #2 are members of the Tactical Team known as Orange Crush. They are the unknown member. Upon information they conducted the shakedown and other special procedures at Lawrence. At all times relevant the were acting under color of law and within the scope of their employment with IDOC.

16. Defendant John Doe #3 through 50 are Administrative workers assigned to Lawrence civil administrative building. At all relevant times these 47 respective individuals knew of the Unconstitutional acts described here-in, failed to report these acts, destroyed complaints, and acted in furtherance and encouragement of said unconstitutional acts by cheering, clapping, and hoor`aying Orange Crush attacking the handcuffed inmate population including the plaintiff, all are located at Lawrence Correctional Center.

17. Defendant Swoon is a counselor charged with the duty of processing the plaintiff's grievance, but intentionally failed to do so via fidelity and deliberate indifference, and is located at Lawrence Correctional

10930 Lawrence Rd. Sumner, Il., 62466. and as such was acting under color of law and within the scope of his employment with the IDOC.

18. Defendant Warden "RO" Moore is Assistant Warden at Lawrence, located at 10930 Lawrence Rd. Sumner, IL. 62466, and an employee of IDOC. On information and belief Defendant Moore is responsible for the supervision of the shakedowns at Lawrence. At all relevant times Defendant Moore was acting under color of law and within the scope of his employment with the IDOC.

19. Defendant Stephen Duncan is the Warden at Lawrence located at 10930 Lawrence Rd. Sumner, IL. 62466, and an employee of the IDOC. On information and belief, Defendant Duncan is responsible for the supervision of the shakedowns at Lawrence. At all relevant to the events at issue in this case. Defendant Duncan was acting under color of law and within the scope of his employment with the IDOC.

20. Defendant Joseph Yurkovich is the Chief of Operations for IDOC, and is responsible for the supervision of all SORT (Orange Crush) units and the implementation, oversight, and supervision of policies and practices executed by Orange Crush members. At all relevant times he was acting under color of law and within the scope of his employment with IDOC.

## Allegations

21. On or about July 7, 2014, Lawrence was put on lockdown for approximately one week. During the lockdown, Defendant John Doe, an unknown Orange Crush officer listed on Exhibit A, conducted a shakedown of the plaintiff's cell at Lawrence.

22. Upon entering the wing of Lawrence where plaintiff was housed Defendant Orange Crush including John Doe yelled loudly banging their batons on the walls, and doors housing the inmates including plaintiff.

23. Defendant John Doe ordered plaintiff to strip, once undressed Truly was ordered to turn his back to the officer, bend over, spread his buttocks and lift each foot off the ground. Then turn around face the officers, lift his genitals then open his mouth with his fingers.

using the same hands he had just used to lift his penis and testicles, and open his buttocks. Some of the Defendant Orange Crush officers that surveilled the plaintiff inside the cell were female.

24. When Defendant John Doe finished strip searching Truly he order plaintiff to get dressed in pants, overshirts, and shoes. Plaintiff was told not to put on any underwear. Truly was then handcuffed by Defendant John Doe in a particularly painful way — with his palms of his hands facing outward and his thumbs pointed to the sky. The handcuffs were also extremely tight, causing injuries to the plaintiff's wrists and shoulders.

25. Once plaintiff was handcuffed he was ordered to face the wall, place his forehead on the wall with legs outward so he leaned on his forehead, until all of the strip searches were completed. Orange Crush officers ordered Truly and the other inmates to "keep his fucking head down!" said officer then uniformly shoved Truly's head down.

26. Truly was ordered to line up and keep his head down, and walked down 2 flights of stairs handcuffed. Once exiting the building Truly was violently struck in his exposed, unprotected rib cage while handcuffed by Defendant James Doe' baton and ordered to "keep his fuckin head down, and threatened with more physical violence if he did not comply. Once Truly exited the building the line stopped. Orange Crush officers aligned the walkway hitting their batons yelling obscenities to the inmates, including the plaintiff.

27. Truly is a natural born United States citizen. Once he exited the building and lined up Orange Crush under threat of being beaten with batons, hit in the back of the head or neck with said batons where Truly was already ordered to keep his head down. Orange Crush forced the plaintiff to place his penis (area) on the man directly infront of him's rectum. As well Truly was forced under threat of violence while handcuff to allow another inmate to place his penis directly ontop of plaintiff's rectum causing sexual sensation. see exhibit A

28. The above formation was ordered by Orange Crush members physically placing the inmates in this position stating they wanted our 'Nutts' on the 'Butts' of the man in front of us. At some point Truly lifted his head in disbelief this was being allowed in the confines of the United States, to United States citizens, where it is not allowed to be inflicted on enemy combatants of the United States. When Mr. Truly lifted his head, defendant John Doe # slammed it so violently into the person before him he suffered extreme dizziness and lightheadness and told to keep your 'fuckin head down.'.

29. Truly was forced to walk to the institutional dietary approximately 150 feet. however Orange Crush it was stopped so frequently for prolonged periods so Orange Crush officers, listed in the caption could force the inmates including Truly to place his penis area ontop of another man's rectum and allow another man to place his penis area ontop of Truly's rectum. This happen so often, the 150 foot walk took approximately 30 minutes.

30. The march from the housing unit to the institutional dietary was intended to be a long infliction of humilation, sexual abuse and painful, through deliberate indifference. Truly was handcuffed but still jabbed, pushed and hit with a baton. When Truly arrived at the dietary he remained handcuffed with his hands in aforementioned stress position approximately 3 hours and forced to keep his head down causing unbelivible pain. No bathroom access was allowed, causing extreme pain where Truly suffered a severe asthma attack 1 month prior causing him to be rushed to an emergency room outside the prison, and was proscribed a steriod inhaler and increased liquids.

31. After several hours, the other Defendant Orange Crush Officers return and again lined plaintiff and the other inmates in the exact same formation as before and order them to march in that formation back to Truly's housing unit.

32. Defendant Orange Crush Officers laughed at and taunted Truly throughout the entire march to and from the dietary with sexual and violent phrases.

33. When Truly returned to his housing unit and assigned cell, he found his dirty clothes, underwear, T shirts etc had been intentionally mixed with his cell mates dirty clothes Tyrone Gabb. As well Defendant John Doe mixed there commissary in one big pile, also. Defendant Doe took non-contraband items then falsified the "shakedown slip" stating nothing was taken. <u>see exhibit B</u>

34. Truly asked for medical attention but was refused where he suffered physical injuries including bruised ribs, headaches, dizziness, lightheadness, severe pain in the neck, shoulders and wrist.

35. On information and belief Defendant Orange Crush executed the same shake down in Illinois River in April 2014, and Menard and again in May 2014 at Big Muddy River.

36. On or about July 10, 2014 Defendant Moore lead John Doe 3 through 50 from the Adminstration building to loudly applaud, clapped for, horay and otherwise condone and encourage Orange Crush acts as described above. On information and belief these defendants John Doe 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50 all knew of Orange Crushes acts and conspired to cover it by not answering Truly grievance (as well as other inmates) and failed to report Orange Crush acts by acting in furtherance of them.

37. On information and belief, Defendant Orange Crush Officer's listed in the caption, and each of them executed their unconstitutional and cruel shakedown procedure against Truly pursuant to a policy and practice implemented, overseen, and encouraged by IDOC supervisors, Lawrence Adminstration, and Defendants Yurkovich, Duncan, Moore and John Does 3-50.

38. The strip search, attack, and sexual humiliation conducted against the plaintiff violated his rights under the Eighth Amendment where he was handcuffed the violently forced to march with his head on the backs of the prisoner ahead of him in line so that his penis was in direct contact with the next man's rectum without underwear

on and another prisoner's penial area in direct contact with plaintiff's rectal area.

39. The Defendants violated Truly's constitutional rights to be free of Cruel and Unusual Punishment by forcing his head violently into the back of the prisoner ahead of him in line, then forcing him to sit in a stress position for several hours.

40. The plaintiff was a prisoner at Lawrence and was subjected to the abusive and inhumane shakedown executed by Defendant Orange Crush Officers assigned to Lawrence on July 9, 2014.

## COUNT I
42 USC section 1983 - Cruel and Unusual Punishment (Eighth Amendment)

41. Plaintiff incorporate each paragraph of this Complaint as if fully restated here.

42. The Defendants intentionally, wantonly, and with malice inflicted unnecessary physical and emotional pain and suffering on Mr. Truly and knew the risk of harm that their misconduct posed to Truly and nevertheless acted with deliberate indifference in executing the shakedown on the plaintiffs.

43. As a result of the Defendants unjustified and unconstitutional conduct, the plaintiff suffered unnecessary pain, emotional distress, and injury, that were proximately caused by the policies and practices of IDOC defendants.

44. Defendant Yurkovich was responsible for supervision and oversight of the Orange Crush team, directly encouraged the very type of misconduct at issue in this case. He failed to provide adequate training and supervision over said team by failing to adequately punish and discipline prior instances of similar misconduct. Defendant Yurkovich violated the rights of Mr. Truly, and other people housed at other Illinois prisons by maintaining and implementing a mass rape policy called "Nutt to Butt" an unprofessional term that described the "moving" sexual force driving the foregoing constitutional violation.

45. On information and belief, Defendant Stephen Duncan, R.D Moore, and Joseph Yurkovich had notice of widespread policies and practices of Defendant Orange Crush Officers and other members of the Orange Crush team, pursuant to which the plaintiff was subjected to Unconstitutional and Tortious acts of violence and humiliation as described more fully above. Despite knowledge of these problematic policies and practices, they did nothing to ensure the plaintiff was treated humanely and in accordance with rights afforded to him by the United States Constitution. These widespread policies and practices were allowed to flourish because Defendants Moore, Duncan, and Yurkovich directly encouraged this misconduct, failed to provide adequate training or supervision of the Orange Crush team members thereby violating the rights of the plaintiff and maintained and implemented these policies and practices that were the moving force driving the foregoing Constitutional violations.

46. The above described policies and practices were able to exist and thrive because each named defendant was deliberately indifferent to the problem, thereby effectively ratifying it.

47. The injuries the plaintiff suffered were caused by each named Defendant who acted pursuant to the foregoing policies and practices in engaging in the misconduct described in this Count, by using Unconstitutional and Cruel methods described above.

WHEREFORE the plaintiff Clark Teully respectfully pray this Honorable Court award him in excess of $1,000,000.00 against the named Defendants in this case, for this respective Count.

COUNT II

42 U.S sec 1983 and 1985 - Conspiracy

48. Plaintiff incorporate each paragraph of this Complaint as if fully restated here.

49. Each defendant reached an agreement among themselves to deprive the plaintiff because he was housed in Lawrence of his Constitutional Rights by protecting one another from liability for depriving the plaintiff of his rights, all as described in the above paragraphs.

50. In furtherance of the conspiracy, each co-conspirator committed overt acts and was a willful participant in joint activity.

51. The misconduct described in this Count was undertaken intentionally, with encouraged malice, and/or reckless indifference to the rights of the plaintiff.

52. As a direct and proximate result of the illicit prior agreement referenced above, the rights of the plaintiff were violated and he suffered injuries, pain, suffering, sexual and emotional distress.

53. The plaintiff's injuries were caused by IDOC employees, the named Defendants, who acted pursuant to and in furtherance of the policies and practices described above.

WHEREFORE, the plaintiff respectfully pray this Honorable Court award him in excess of $1,000,000.00 for this particular count against the named defendants.

## COUNT III
### 42 U.S.C. sec. 1983 – Failure to Intervene (Eighth Amendment)

54. Plaintiff incorporate each paragraph of this Complaint as if fully restated here.

55. As described more fully above, each defendant had a reasonable opportunity to prevent the violation of the Plaintiff's body and Constitutional Rights, had they been so inclined but failed to do so.

56. Each named defendants action was undertaken intentional, with malice, and/or reckless disregard for the rights of the prisoners housed at Lawrence.

57. As a direct and proximate result of the Defendants misconduct, the plaintiff's Constitutional Rights to be free of Cruel and Unusual Punishment was violated to the level where he suffered injuries, pain, suffering, sexual and emotional distress.

58. The plaintiff's injuries were caused by the named defendants in their individual capacity working in concert pursuant to the policies and practices described above.

WHEREFORE, the plaintiff Clark Truly, respectfully pray this Honorable Court grant him in excess of $1,000,000.00 for this respective count against the defendants.

## COUNT IV

## 42 USC sec 1983 - Prison Rape Elimination Act.

59. Plaintiff incorporate each paragraph of this complaint as if fully restated here.

60. By executing and encouraging the shakedowns described more fully above, Defendants have violated several provisions of the Prison Rape Elimination Act National Standards, 28 CFR 115, promulgated by the United States Attorney General pursuant to the Prison Rape Elimination Act, 42 USC. sec. 15607.

61. Defendants forced the plaintiff to place his penial area on top of another man's rectum area while chanting "Nuts to Butts" in violation of the Prison Rape Elimination Act. as described in above paragraphs.

62. Defendants forced the plaintiff to allow another inmate to place his penial area on the plaintiffs' rectum area for a prolong period of time in violation of the Prison Rape Elimination act while chanting "Nuts to Butts" as described above.

57. The plaintiff complained of the sexual abuse and harassment via written grievance. Defendant Stolworthy, Duncan, Moore, Yurkovich and Swoon omitted to answer the plaintiff's grievance or conduct any administrative or criminal investigation into the misconduct committed by Defendant Orange Crush Officers, in violation of Truly's Constitutional Rights to Petition for Redress and 28 C.F.R. section 115.22, and 115.71

58. On information and belief, Defendant Stolworthy failed to provide adequate training to Defendants and other IDOC staff on any IDOC policy prohibiting Sexual abuse and sexual harassment in violation of 28 C.F.R. section 115.31.

59. Defendants Stolworthy, Moore, Duncan, and Swoon refused to provide a proper channel for the plaintiff to report the inflicted sexual abuse and harassment he suffered to them, or any public or private entity not part of IDOC, in violation of 28 CFR section 115.51.

60. When the plaintiff complained about the sexual abuse and harassment he suffered, his complaint in form of a grievance was referred to the same Defendants who perpetuated the abuse and treatment who disposed of Truly's complaint in violation of 28 CFR 115.76, without addressing it.

61. Mr. Truly have been denied access to medical care, in violation of 28 CFR section 115.82

62. Defendants, and each of them, grossly failed to protect the plaintiff from the sexual abuse and harassment he suffered and continue to suffer at their behest via the Orange Crush team. This abuse was precisely the same type of misconduct the Prison Rape Elimination Act sought to eliminate.

WHEREFORE, the plaintiff respectfully pray this Honorable Court award him in excess of $1,000,000.00 for this particular Count against named defendants.

## COUNT V
### Intentional Infliction of Emotional Distress

63. Plaintiff incorporate each paragraph of this Complaint as if fully restated here.

64. In the manner described more fully above, the Defendants, engaged in extreme and outrageous conduct. Those actions were rooted in im abuse of power or authority.

65. The defendants, and each of them, action as set forth above were undertaken with intent or knowledge there was a high probability the conduct they inflicted on the plaintiff was intented to inflict severe emotional distress and with reckless disregard for that probability, and the rights of the plaintiff.

66. The misconduct described in this Count was undertaken by the Defendants within the scope of their employment.

67. As a direct and proximate result of this misconduct the plaintiff experienced injuries, severe emotional distress and suffering.

WHEREFORE, the plaintiff respectfully pray this Honorable Court award him in excess of $1,000,000.00 for the intentional infliction of emotional distress against named defendants.

### JURY DEMAND

Plaintiff Clark Truly, hereby demand a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure on all issues so triable.

Respectfully Submitted

Date: July 8, 2016

Clark Truly #K02476
109.30 Lawrence Rd.,
Sumner, IL., 62466

ILLINOIS DEPARTMENT OF CORRECTIONS
**Shakedown Record/Confiscated Contraband**

Exhibit No. _____
CLIC No. _____

| | |
|---|---|
| Date: _____ Time: _____ ☐ a.m. ☐ p.m. Bldg. Area: _____ | Shift Supervisor: Date Received: _____ Time: _____ ☐ a.m. ☐ p.m. |
| Living Area: _____ Occupied: ☐ Yes ☐ No | ☐ Major Contraband ☐ Minor Contraband: _____ Signature |
| Violator: _____ No. _____ | Disposition: _____ |
| Violator: _____ No. _____ | Date: _____ Time: _____ ☐ a.m. ☐ p.m. Initials: _____ |
| Was any contraband found? ☐ Yes ☐ No | Receiving Custodian: Date Received: _____ Time: _____ ☐ a.m. ☐ p.m. |

Item(s) (Description and circumstances of discovery):

_____

_____

_____

_____

_____

_____

_____

Witness: _____

Disciplinary Report written: ☐ Yes ☐ No   Incident Report written: ☐ Yes ☐ No

_____
Employee Signature   ☐ a.m. ☐ p.m.

Badge No.        Date        Time

Distribution: With Item (Tag); Supervisor; Employee; Disciplinary Report; Violator.

☐ Major Contraband ☐ Minor Contraband: _____ Custodian Signature

**Chain-of-Custody after the Custodian has received the item:**

From: _____ To: _____

Date Received: _____ Time: _____ ☐ a.m. ☐ p.m.

From: _____ To: _____

Date Received: _____ Time: _____ ☐ a.m. ☐ p.m.

From: _____ To: _____

Date Received: _____ Time: _____ ☐ a.m. ☐ p.m.

From: _____ To: _____

Date Received: _____ Time: _____ ☐ a.m. ☐ p.m.

Final Disposition: _____

Date: _____ Custodian's Initials: _____

DOC0300 (Eff. 4/2008).
(Replaces DC 252)

Exhibit
A

To: William Willingham
Certified PREA Auditor
11820 Parklawn Dr., Suite 240
Rockville, MD, 20852

From: Clark Truly #K62476
Lawrence Correctional Center
10930 Lawrence Rd
Sumner, IL, 62466

Subject: Lawrence CC PREA audit

I am sending you this letter pursuant to "Notice" for PREA audit at Lawrence Correctional Center.

While Housed in Lawrence CC on July 9, 2014 the IDOC Orange Crush tactical unit entered my prison cell, strip searched me in front of my cellmate Tyrone Gabb. (see attached "Shakedown slip"). I was not allowed to wear underwear under my uniform although the officer had searched my underwear. We were handcuffed, and subsequently exited our cell then the Housing Unit building.

Once we exited the building Orange Crush forced me and other tier inmates to place our penis area ontop of the man directly before us/my rectum area. As well there was a man behind me who was forced by Orange Crush members to place his penis area ontop of my rectal area causing sensation. See exhibit A drawing.

Exhibit A ⟶ 

We were forced to walk to the chow hall approximately 150 feet this way. However Orange Crush shoved my head into the man in front of me, and routinely stopped line forcing us to place our penis area onto the rectum area of the inmate before us. yelling "nuts to butts." The line was stopped so often the 150 feet walk took almost 30 minutes. We just stood there for a prolong period as such.



HANDCUFFED INMATES ⟶    Exhibit B
—Some inmates were physically attacked for not having their "butts to (someones) butt

⟵ ORANGE CRUSH TACTICAL TEAM WITH SOLID WOOD STICK

⟵ 48 INMATES AND WHAT LOOKED LIKE 80 ORANGE CRUSH OFFICERS LINING BOTH SIDES FROM UNIT TO CHOW HALL

Exhibit B

Once we made it to the "chow hall" we stayed handcuffed approximately 3 hours with our hands behind our backs, no bathroom access. Many old men were brutally treated by young officers. One diabetic inmate passed out (approximately 60 years old) and slammed into the concrete head first making a loud thud noise. This inmate complained to the officers and medical staff that he had not taken his medication, they did nothing until he passed out. We were held 3 hours in this position.   Exhibit C

handcuffed →

When we exited the chow hall we were again forced to walk in the stress position described in Exhibit A and B, at which time I found the attached shakedown slip. We remained on lockdown.

A day or 2 later, on or about July 10, 2014 Warden Moore lead 20 to 30 Prison Administrators from the Administration building and they all loudly applauded, clapped, and horrayed these acts against us to deanae crush as they were leaving. On or about September 1, 2014 I filed a grievance based on the above believing State officials would investigate these unwanted forced sexual acts at the behest of state officials. I never got my grievance back, it has gone unanswered to date. No state official has ever spoke to me concerning my grievance, despite my grievance being timely filed.

I depose and state I have read the foregoing document and under penalty of Federal Parjury I state the foregoing facts are true and correct.

Respectfully Submitted

December 24, 2015

Clark Teuly #K62416
Lawrence Correctional Center
10930 Lawrence Rd
Sumner, IL, 62466

...ely Truly #K02470
30 Lawrence Rd
...lee, IL., 62466

Legal Mail

MAIL PRIVILEGED
US MARSHALS

U.S. POSTAGE >> PITNEY BOWES
ZIP 62466
02 1W
0001393731 JUL 08 2016
$ 001.73⁰

FOREVER
USA

Clerk of the
United States District Court
Southern District of Illinois.
P.O. Box 249
East St. Louis, IL., 62202