IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLARK TRULY, ) | |
| K62476, ) | |
|        ) | |
|    Plaintiff, ) | |
|        ) | Case No. 16-cv-783-NJR |
| vs.    ) | |
|        ) | |
| ASSISTANT WARDEN MOORE, et al., ) | |
|        ) | |
|    Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Clark Truly, a parolee who at the time he filed this lawsuit was incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that while he was incarcerated at Lawrence, his constitutional rights were violated during a strip search and cell shakedown conducted by members of the Orange Crush tactical team. In connection with these claims, Plaintiff identifies more than 200 defendants. Among these defendants are Swoon, a counselor assigned to Lawrence; Donald Stolworthy, formerly the Acting Director of the Illinois Department of Corrections; Joseph Yurkovich, formerly the Chief of Operations for the Illinois Department of Corrections; Stephen Duncan, formerly the Warden of Lawrence; and Moore, formerly the Assistant Warden of Lawrence. Plaintiff also has named the corrections officers who were members of the Orange Crush teams assigned to search Illinois River, Big Muddy River, Lawrence, and Menard correctional centers. (Doc. 1, pp. 5-7). Plaintiff also names John Doe, James Doe, and John Doe 2. (Doc. 1, p. 7). According to the Complaint, these defendants are the Orange Crush team

members directly involved in assaulting and humiliating him during the shake-down of Plaintiff's cell and related events. (Doc. 1, pp. 7-11). Finally, Plaintiff names John Does 3 through 50. (Doc. 1, p. 7). John Does 3 through 50 are the administrative workers assigned to Lawrence who applauded the behavior of the Orange Crush members. (Doc. 1, pp. 7, 11). Plaintiff contends these defendants were aware of the alleged constitutional violations described in the Complaint but failed to act and/or were complicit in covering up the alleged constitutional violations. (Doc. 1, pp. 7, 11).

The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the

*pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

On July 9, 2014, the date of the strip search, shakedown, and related events, Plaintiff's cell was searched by a team of Orange Crush officers. (Doc. 1, pp. 3,8). During the search and related events, Orange Crush officers beat, sexually humiliated, and otherwise abused Plaintiff. (Doc. 1, p. 3). Specifically, Plaintiff contends John Doe entered his cell and ordered him to strip. (Doc. 1, p. 8). John Doe then ordered Plaintiff to spread his buttocks, lift his genitals, and open his mouth with his fingers (the same fingers used to touch his genitals and spread his buttocks). (Doc. 1, pp. 4, 8-9). Female officers were present and observed the strip search. (Doc. 1, pp. 4, 8-9).

When the humiliating strip search was completed, John Doe ordered Plaintiff to get dressed. (Doc. 1, p. 9). Plaintiff was not permitted to wear any underwear. (Doc. 1, p. 9). John Doe then handcuffed Plaintiff. (Doc. 1, p. 9). Plaintiff's hands were secured behind his back with his palms facing outward and his thumbs pointed to the sky. (Doc. 1, p. 9). The handcuffs were painfully tight. (Doc. 1, p. 9). Plaintiff was ordered to face the wall while Orange Crush officers finished strip searching other inmates. (Doc. 1, p. 9). During this time, Plaintiff and other inmates were verbally harassed. (Doc. 1, p. 9).

Plaintiff and other prisoners were then lined up and ordered to walk down two flights of stairs with their heads down (Plaintiff and the other inmates remained handcuffed). (Doc. 1, p. 9). When Plaintiff reached the bottom of the stairs and exited the building, James Doe used his baton to strike Plaintiff in his exposed ribcage. (Doc. 1, p. 9). Other Orange Crush officers

verbally harassed Plaintiff and the other inmates and threatened them with their batons. (Doc. 1, p. 9).

Plaintiff and the other inmates were then ordered to march in such a way that their genitals were in direct contact with the buttocks of the inmate ahead of them. (Doc. 1, pp. 4, 9-10). Orange Crush officers referred to this position as "nuts to butts." (Doc. 1, pp. 4, 9-10). At this point, Plaintiff lifted his head and looked around. (Doc. 1, p. 10). Because Plaintiff lifted his head, John Doe 2 attacked Plaintiff and violently slammed his head into the head of the person behind him. (Doc. 1, pp. 4, 10). John Doe 2 told Plaintiff to keep his "fucking head down." (Doc. 1, p. 10). As a result of this assault, Plaintiff became extremely dizzy. (Doc. 1, p. 10).

Plaintiff and the other inmates were forced to march in this humiliating formation for approximately thirty minutes. (Doc. 1, p. 10). During this time, Plaintiff was subjected to physical assaults and verbal harassment. (Doc. 1, p. 10). When the march was completed, Plaintiff was left in handcuffs and forced to stay in a stress position for approximately three hours. (Doc. 1, p. 10). No bathroom access was allowed. (Doc. 1, p. 10). Being left in this manner was particularly difficult for Plaintiff, because he had suffered from an asthma attack the previous month and had been prescribed a steroid inhaler and increased liquids. (Doc. 1, p. 10).

Eventually, after several hours, the Orange Crush officers returned and ordered Plaintiff and the other inmates to form a line. (Doc. 1, p. 10). Plaintiff and the other inmates were once again forced to march "nuts to butts." (Doc. 1, pp. 10-11). Upon returning to his cell, Plaintiff found it had been trashed. (Doc. 1, p. 11). Although non-contraband items were removed from Plaintiff's cell, John Doe completed a "shakedown slip" stating that no items were confiscated. (Doc. 1, p. 11).

Plaintiff requested medical attention for the injuries he received during the shakedown and related events. (Doc. 1, p. 11). His injuries included bruised ribs, headache, dizziness, lightheadedness, and severe pain. (Doc. 1, p. 11). Plaintiff's request for medical assistance was refused. (Doc. 1, p. 11). Plaintiff does not specify to whom his request for medical assistance was directed or who refused him medical assistance.

At some point, either during the shakedown and related events or the following day, Moore escorted approximately fifty civil staff members in front of the inmates and the Orange Crush officers. (Doc. 1, pp. 4, 7, 11).[1] Moore and the staff members clapped and cheered in support of the Orange Crush officers. (Doc. 1, p. 4, 7, 11).

Plaintiff asserts that the strip search and movement of inmates were purposely conducted in a humiliating manner. (Doc. 1, pp. 3-4). Further, the Orange Crush defendants executed the procedures pursuant to a policy or practice that was "implemented, overseen, and encouraged" by IDOC supervisors and Lawrence administration, including Yurkovich, Duncan, Moore, and Does 3 through 50. (Doc. 1, p. 11). (*See also* (Doc. 1, p. 3) ("During the months of April 2014 through September 2014 Assistant Warden Moore directed his subordinate correctional staff to 'confront' the inmate population with harassment."); (Doc. 1, p. 4) (Orange Crush officers acted pursuant to a policy that was "put in place" by Moore); (Doc. 1, p. 12) (Yurkovich was directly responsible for and encouraged the activities of the Orange Crush officers); (Doc. 1, p. 13) (misconduct by Orange Crush officers was the result of "widespread" policies implemented by Duncan, Moore, and Yurkovich). Plaintiff further alleges that the conduct described in the Complaint amounts to a violation of the Prison Rape Elimination Act, 42 U.S.C. § 15607.

---

[1] Initially, Plaintiff contends Lawrence administrative staff members clapped, cheered, and applauded the Orange Crush members when the shakedown and related events concluded. (Doc. 1, p. 4). Subsequently, Plaintiff alleges that this occurred on July 10, 2014 (a day after the shakedown and related events). (Doc. 1, p. 11).

5

(Doc. 1, p. 16). Finally, Plaintiff alleges Swoon is liable for mishandling Plaintiff's grievances and/or denying him access to the grievance process, in relation to the abusive practices occurring in July 2014. (Doc. 1, p. 3, 7).

## Discussion

The Court will begin with a preliminary note concerning the handling of Orange Crush cases in the Southern District of Illinois. Plaintiff's Complaint raises allegations similar to the pleading in *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW, which was filed in this Court on March 19, 2015. The plaintiff in *Ross* is seeking injunctive relief and damages on behalf of himself and a class of prisoners who were subjected to similar strip searches while incarcerated at Illinois prisons during 2014. Should the *Ross* class be certified, Plaintiff could potentially be a member of that class. With this in mind, the Court will evaluate Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.

Based on the allegations of the Complaint and Plaintiff's articulation of his claims, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

**COUNT 1**- Eighth Amendment claim against all Defendants for inflicting unnecessary physical and emotional pain and suffering upon Plaintiff during the strip search, shakedown, and related actions;

**COUNT 2**- Conspiracy under 42 U.S.C. § 1983, in that Defendants agreed to deprive Plaintiff of his constitutional rights and protect one another from liability;

**COUNT 3**- Eighth Amendment claim for failure to intervene to prevent the violation of Plaintiff's constitutional rights;

6

**COUNT 4**- Violation of the Prison Rape Elimination Act, 42 U.S.C. § 15607;

**COUNT 5**- Intentional infliction of emotional distress under Illinois state law;

**COUNT 6**- Claim against Swoon for failing to respond to Plaintiff's grievances regarding the strip search, shakedown, and related actions;

**COUNT 7**- Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs following the strip search, shakedown, and related actions;

Counts 1 through 5 raise the same claims as Counts 1 through 5 in *Ross*. Given the similarity between Plaintiff's claims and the claims in *Ross*, and the fact that a motion to dismiss was denied in *Ross* (as to Counts 1, 2, 3, and 5) (*see Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW, Doc. 76), the Court finds that Counts 1, 2, 3, and 5 cannot be dismissed at this time.

In the same order referenced above, the Court granted Defendants' motion to dismiss as to Count 4, the Prison Rape Elimination Act ("PREA") claim. (*See Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW, Doc. 76). In that Order, the Court noted:

> While the PREA was intended in part to 'increase the accountability of prison officials' and to 'protect the Eighth Amendment rights of Federal, State, and local prisoners' (42 U.S.C. § 15602), nothing in the language of the statute establishes a private right of action. In fact, the section of the statute addressing prevention and prosecution is directed toward the National Institute of Corrections which is appropriated funds for establishing an informational clearinghouse, conducting training and compiling annual reports for Congress regarding the activities of the Department of Justice regarding prison rape abatement. 42 U.S.C.A. § 15604. The statute otherwise establishes findings of facts, sets forth statistics, recites research, adopts standards and provides for grant money.
>
> Further, no court that has considered the issue has found that a private right of action exists under the statute. *Amaker v. Fischer*, 2014 WL 4772202, at *14 (W.D.N.Y. Sept. 24, 2014). *See Also Krieg v. Steele*, 599 Fed.Appx. 231, 232 (5th Cir.2015) (citing cases); *Collen v. Yamaoka*, No. CIV. 14-00577 SOM, 2015 WL 793085, at *3 (D. Haw. Feb. 25, 2015) (citing cases); *Porter v. Jennings*, 2012 WL 1434986, at *1 (E.D.Cal. Apr. 25, 2012) (citing cases).

7

*Id.* at 8. Adopting the same reasoning, the Court finds that the PREA does not create a private cause of action. As such, Count 4 in this case, which is identical to Count 4 in the *Ross* case, shall be dismissed with prejudice.

The Court notes that the only specific allegations as to Stolworthy (former Acting Director of the Illinois Department of Corrections) are in relation to Count 4, which is subject to dismissal with prejudice. Because this is the only count directed against Stolworthy, he shall be dismissed from the action without prejudice. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation."); *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").[2]

Plaintiff raises two additional claims, Count 6 and Count 7, which were not raised in the *Ross* complaint. As discussed more fully below, both claims are subject to dismissal.

As to Count 6, Plaintiff asserts a claim against Swoon, a grievance counselor, for failing to respond to his grievances regarding the strip search and shakedown. Courts have consistently held that prison grievance procedures are not constitutionally mandated and thus the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct" cannot be a basis for liability under § 1983. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430

---

[2] Furthermore, Stolworthy cannot be held liable for the alleged violation of Plaintiff's constitutional rights merely because he was the acting director of the Illinois Department of Corrections. "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

8

(7th Cir. 1996). In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Here, Plaintiff does not allege that Swoon was involved in any way in the alleged unconstitutional strip search and shakedown. Thus, the Court shall dismiss Count 6 with prejudice. Count 4 and Count 6 are the only counts asserted against Swoon, and thus he shall be dismissed without prejudice from this action.

With regard to Count 7, Plaintiff does not identify to whom his request for medical attention was directed or who denied it. Absent this information, Count 7 fails to allege personal involvement as to any defendant sufficient to state a claim. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Additionally, without identifying who is responsible for the alleged violation, the Complaint does not provide the type of notice contemplated under Rule 8. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

One final note concerning identifying individual members of Orange Crush (John Doe, James Doe, and John Doe 2) and administrative staff at Lawrence (John Does 3 through 50): these individuals must be identified with particularity before the Complaint can be served on them. Where a prisoner's complaint states specific allegations describing the conduct of unknown corrections officers sufficient to raise a constitutional claim against them, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, guidelines for discovery aimed at identifying the unknown parties will be set by the

magistrate judge. Once the unknown parties are identified, Plaintiff shall file a motion to substitute the named individuals in their place.

### Pending Motions

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 4) shall be addressed in a separate Order of this Court. Plaintiff is reminded that, in relation to his Motion for Leave to Proceed *In Forma Pauperis*, the Court has ordered Plaintiff to provide the necessary trust fund account information. (Doc. 5). Failure to comply with this Order will result in dismissal of Plaintiff's action for failure to comply with an Order of the Court. *Id.*

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on **COUNTS 1, 2, 3**, and **5** against **ALL DEFENDANTS, except SWOON and STOLWORTHY**.

**IT IS FURTHER ORDERED** that **COUNT 4** (the Prison Rape Elimination Act claim) and **COUNT 6** (the grievance claim) are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 7** (the deliberate indifference to medical needs claim) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Defendants **SWOON AND STOLWORTHY** are **DISMISSED without prejudice** from this action.

**IT IS FURTHER ORDERED** that this case shall be **CONSOLIDATED** with *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW, for all further proceedings. *Ross v. Gossett* shall be the lead case. All future pleadings shall be filed in *Ross v. Gossett* and contain case number 15-cv-309-SMY-SCW. The Clerk of Court is **DIRECTED** to let the record in *Ross v. Gossett* reflect this consolidation.

Service shall not be made **JOHN DOES 1 through 50** or **JAMES DOE** until such time as Plaintiff has identified specific team members and/or Lawrence administrative staff by name in a properly filed motion for substitution. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for these individuals.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint in *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge William** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to **United States Magistrate Judge Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed in forma pauperis has been granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

11

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: February 17, 2017**

    *[signature: Nancy J. Rosenstengel]*

    **NANCY J. ROSENSTENGEL**
    **United States District Judge**